# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BEVERLY PRICE and DALE PRICE, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-18-3900 |
| § | |
| LIFE INSURANCE COMPANY OF NORTH § | |
| AMERICA, *et al.*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) a motion to dismiss plaintiffs Beverly Price and Dale Price's amended complaint against defendants ARES Holding Corporation Benefits Plan (the "Plan") and ARES Holding Corporation ("AHC") (collectively, the "ARES Defendants") (Dkt. 21); and (2) the ARES Defendants' unopposed motion to file a reply (Dkt. 28). Having considered the motion to dismiss (Dkt. 21), response, reply, and applicable law, the court is of the opinion that the motion to dismiss should be GRANTED IN PART and DENIED IN PART. The unopposed motion to file a reply (Dkt. 28) is GRANTED.

## I. BACKGROUND

This case relates to the alleged wrongful denial of life insurance benefits under a plan governed by the Employee Retirement Income Security Act ("ERISA"). The plaintiffs' decedent, Lonnie Price Jr. ("Decedent"), worked as an IT professional for ARES Corporation ("ARES").[1] Dkt. 1 ¶ 11. ARES is a wholly owned subsidiary of AHC. Dkt. 21 at 3. The Plan is a group

---

[1] Since the court is considering a motion to dismiss, it takes all well-pleaded facts in the complaint as true.

employee benefits plan which offered group life insurance as well as other insurance coverage to participating AHC employees under Life Insurance Company of North America ("LINA") Group Policy FLX-964559 (the "Policy"). *Id.* The Decedent participated in the Plan while employed by ARES. *Id.* The Policy identifies AHC as the Plan Sponsor and Plan Administrator.[2] Dkt. 12, Ex. 1 at 22. AHC appointed defendant LINA, the Plan's underwriter, as the named fiduciary and claims administrator of the Policy. *Id.* at 23. In addition, AHC maintained an administrative services agreement with defendant Northgate Benefits and Insurance, LLC ("Northgate") to act as a third-party administrator of the Plan. Dkt. 17, Ex. 2. The Policy provided the Decedent with a life insurance benefit of $135,000 and $200,000 in supplemental coverage. Dkt. 1 ¶ 17. Beverly Price and Dale Price, Decedent's wife and son respectively, were named as Decedent's beneficiaries under the Plan and Policy issued by LINA. Dkt. 21 at 3.

In February 2016, Decedent was diagnosed with terminal cancer. Dkt. 1 ¶ 21. Decedent, however, continued working for ARES on a part-time basis with varied hours until his death in September 2017. *Id.* During this period, Decedent took ARES-approved intermittent Family Medical Leave Act leave, and ARES continued to deduct group life insurance premiums from Decedent's pay and provide them to LINA on his behalf. *Id.*

In July 2016, Decedent was informed that he had less than one year to live, and he subsequently filed a claim for the maximum allowable terminal illness benefit of $67,500 under the Policy. Dkt. 21 at 4. As a prerequisite for this benefit, Decedent informed AHC, Northgate, LINA, and the Plan of his terminal condition. Dkt. 1 ¶ 23. In accordance with the terms of the Policy,

---

[2] Although the court normally considers a Rule 12(b)(6) motion to dismiss solely on the pleadings, the court "may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim." *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

LINA deposited the requested terminal illness benefit into a CignaAssurance account maintained by LINA for use by the Decedent. Dkt. 21 at 4. Following Decedent's death, LINA transferred the remaining balance of the CignaAssurance account to plaintiff Beverly Price. Dkt 1 ¶ 24.

In August 2016, a Northgate representative emailed two LINA representatives concerning the appropriate steps for the Decedent to convert or port his remaining life insurance coverage to an individual policy or otherwise maintain Decedent's life insurance coverage. *Id.* ¶ 27. A LINA representative responded to Northgate, claiming, "Since [Decedent] is out on disability and was 60 when the claim started (from what I can tell), the life insurance coverage can stay in effect for up to 12 months as long as premiums are paid. . . . Normally once the employment terminates, the employee should be offered conversion." *Id.* ¶ 28. Following this exchange, no representatives of Northgate or AHC followed-up with LINA nor did any representatives of LINA follow-up with Northgate or AHC. *Id.* ¶ 30.

Following Decedent's death in September 2017, the plaintiffs filed timely claims for Decedent's remaining life insurance proceeds. *Id.* ¶ 31. However, neither the Decedent nor the plaintiffs converted or attempted to covert Decedent's group life insurance coverage before filing their claims. Dkt. 21 at 5. As part of the plaintiffs' application, both AHC and Northgate submitted claim forms to LINA representing that the plaintiffs were entitled to Decedent's remaining life insurance proceeds under the Plan and Policy and Decedent's coverage was in effect through the date of his death. Dkt. 1 ¶¶ 32–33.

LINA denied the plaintiffs' claim for life insurance benefits and further denied the plaintiffs' administrative appeal seeking review of LINA's denial of their claim. Dkt. 21 at 5. LINA determined that Decedent had lost his eligible class status by working less than thirty hours per week

and should have converted his group life insurance coverage but failed to do so within twelve months of losing coverage. Dkt. 1 ¶ 34.

The plaintiffs filed the instant lawsuit in October 2018. Dkt. 1. Following the dismissal of improperly named defendants ARES Corporation and ARES Corporation Benefits Plan, the plaintiffs amended their complaint to include AHC and the Plan. Dkt. 21 at 5. The Prices allege that AHC, Northgate, LINA, and the Plan:

> failed to sufficiently, accurately, comprehensively, clearly or reasonably apprise Decedent or Plaintiffs of their rights and obligations under the Plan and the [LINA] Policies with regard to circumstances which may result in disqualification, ineligibility or denial or loss of life insurance benefits from the Plan or The LINA Policies as LINA claims to be the case in its denial letters, nor available steps, and how and when they should take those steps to maintain those benefits, including conversion, and in fact misled them regarding the same.

Dkt. 1 ¶¶ 45–47. The Prices further allege that AHC took part in preparing a Summary Plan Description ("SPD") which failed to adequately inform the Decedent or the Prices of their rights and obligations to maintain eligibility under the Plan and Policy. *Id.* ¶¶ 43–44.

The Prices claim entitlement to life insurance policy proceeds under the terms and provisions of both the Plan and Policy pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)), alleging that they satisfy all qualifications for benefits. Dkt. 1 ¶ 51. The Prices alternatively assert a claim for breach of fiduciary duty against AHC, Northgate, LINA, and the Plan, and they claim entitlement to equitable relief under § 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)). *Id.* ¶¶ 52–54, 58. The Prices further allege that both LINA and the Plan have been unjustly enriched by the retention of premiums and life insurance benefits allegedly owed to the plaintiffs. *Id.* ¶ 62. The plaintiffs seek disgorgement of any profits AHC, Northgate, LINA, and the Plan realized by the retention of benefits allegedly owed to the plaintiffs and also seek an equitable surcharge. *Id.* at 13–14.

AHC and the Plan filed the instant motion to dismiss the plaintiffs' §§ 502(a)(1)(B) and 502(a)(3) claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 21. The ARES Defendants argue that the Prices cannot maintain a claim under § 502(a)(1)(B) because they did not identify which terms of the Plan, if any, were breached by the Plan. Dkt. 21 at 2. Additionally, the ARES Defendants argue that the Prices' § 502(a)(3) claim is precluded by the § 502(a)(1)(B) claim for recovery or, alternatively, that the plaintiffs have not alleged sufficient facts showing AHC breached a fiduciary duty owed to the plaintiffs, if one existed at all. *Id.* The motion is now ripe for disposition.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

5

## III. ANALYSIS

The plaintiffs assert their claims pursuant to § 502(a) of ERISA. Dkt. 1 ¶¶ 51–62. They seek to recover remaining life insurance policy proceeds under § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). *Id.* ¶ 51. The plaintiffs alternatively seek equitable relief under § 502(a)(3) (29 U.S.C. § 1132(a)(3)). *Id.* ¶¶ 52–62. The § 502(a)(1)(B) claim is pled against the Plan but not AHC. *Id.* at 10. The § 502(a)(3) claim is pled against AHC and the Plan. *Id.*

### A. Plaintiffs' § 502(a)(1)(B) Claim Against the Plan

Section 502(a)(1)(B) of ERISA allows a participant or beneficiary of an ERISA-governed plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The defendants argue that the Prices cannot maintain a claim under § 502(a)(1)(B) because they do not identify which terms, if any, of the Plan were breached by the Plan, nor did they demonstrate how the Plan controlled the administration of the Plan. Dkt. 21 at 2.

The Prices argue that identifying specific provisions of the Plan to give notice of those terms allegedly breached is unnecessary to state a claim for relief under § 502(a)(1)(B) but is nevertheless satisfied by the complaint because it identifies provisions of the Policy, which is part of the Plan. Dkt. 24 at 13. The Prices additionally argue that Fifth Circuit authority mandates that the Plan is among the appropriate parties to this claim. *Id.* at 12.

#### 1. Specificity of Terms

Section 502(a)(1)(B) authorizes the enforcement of only those terms contained within an ERISA-governed plan. *CIGNA Corp. v. Amara*, 563 U.S. 421, 436, 131 S. Ct. 1866, 1877 (2011). However, a complaint alleging a claim for plan benefits under § 502(a)(1)(B) "need not necessarily

6

identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 (5th Cir. 2018); *see also Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731 (5th Cir. 2015) (declining to adopt a requirement that plaintiffs must always include specific plan language in complaints alleging improper reimbursement under ERISA). Thus, a plaintiff need only provide enough factual allegations in the complaint to demonstrate plausibility, and exclusion of specific plan terms does not result in an automatic determination of implausibility. *Innova*, 892 F.3d at 729.

In their complaint, the Prices name the Policy at issue and point to one particular provision regarding insurance coverage while on FMLA leave to substantiate their claim for entitlement to benefits. Dkt. 1 ¶ 20. They argue that this particular provision is implicated by Decedent's continued employment with AHC while on approved FMLA leave until the time of his death. Dkt. 24 at 13. In addition, the Prices assert that all relevant steps to secure insurance benefits were taken in a timely manner and representations were made by both Northgate and AHC that the Prices were entitled to benefits. Dkt. 1 ¶¶ 23, 25, 32, 33. As such, the complaint provides enough factual allegations to demonstrate a plausible claim for relief under § 502(a)(1)(B).

### 2. Administrative Delegation

In determining liability in an action pursuant to § 502(a)(1)(B) of ERISA, the Fifth Circuit has mandated that courts apply a "restrained functional test," which exposes a party to liability only if it exercises "actual control" over the administration of the plan. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 844 (5th Cir. 2013). The appropriate defendant in an action concerning ERISA benefits under the terms of a plan is "the party that controls administration of the plan." *Id.* at 845 (quoting *Gomez–Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 665 (1st Cir.

2010)). If an entity *"other than the named plan administrator* takes on the responsibilities of the administrator, that entity may also be liable for benefits." *Id.* (emphasis added). To exercise "actual control," a defendant must generally do more than exercise perform mechanical administrative tasks. *Id.* A court may consider a defendant to have "actual control" when the defendant controls a plan's benefits claims process and exerts that control to deny a claim. *Id.*

Here, AHC, not the Plan, is named as the Plan Sponsor and Plan Administrator. Dkt 12, Ex. 1 at 22. In their complaint, the Prices concede this point. Dkt. 1 ¶¶ 14-15. AHC subsequently appointed LINA as the named fiduciary of the Plan and delegated all authority "for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims." Dkt 12, Ex. 1 at 22. AHC further delegated the authority for LINA to "interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." *Id.* Under *Lifecare* this demonstrates "actual control."

The Prices allege in their § 502(a)(1)(B) claim that the Plan, not AHC, is responsible for the wrongful denial of benefits. Dkt. 1 at 10. With respect to the Plan, this is not plausible. The Plan was not named as the administrator, the Plan did not have authority to interpret the terms of the Plan or Policy, and the Plan did not exercise that authority to deny benefits to claimants. Dkt 12, Ex. 1 at 22. This responsibility rested squarely with AHC or LINA. *Id.* at 22–23. While precedent dictates that an entity may *also* be liable if it takes on the responsibility of an administrator, the Plan was neither the Plan Administrator nor did it exercise actual control over the Plan.[3]

---

[3] The court acknowledges there is a circuit split regarding the appropriate defendant in an action pursuant to § 502(a)(1)(B) of ERISA. *Compare LifeCare* 703 F.3d at 844 (the proper defendant "is the party that controls administration of the plan"), *and Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988) (the proper defendant is limited to the entity "shown to control the administration of the plan"), *with Hunt v. Hawthorne Associates, Inc.*, 119 F.3d 888, 908 (11th Cir. 1997) ("[A]n *in personam* order enjoining the payment of benefits under section

Thus, in accordance with *Lifecare*, the allegations in the complaint do not expose the Plan to liability under § 502(a)(1)(B). This is true regardless of the how specific the terms alleged to have been breached under the Plan are pled. The defendant's motion to dismiss the Prices' claim under § 502(a)(1)(B) of ERISA against the Plan is therefore GRANTED.

**B.  Plaintiffs' Alternative § 502(a)(3) Claim Against AHC**

Section 502(a)(3) of ERISA allows a participant, beneficiary, or fiduciary of an ERISA-governed plan to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

The ARES Defendants argue that the Prices' § 502(a)(3) claim is duplicative of their § 502(a)(1)(B) claim for recovery or, alternatively, that the Prices have not alleged sufficient facts showing AHC breached a fiduciary duty owed to the Prices if one existed. Dkt. 21 at 2. The Prices argue their § 502(a)(3) claim is not based on the alleged wrongful denial of benefits against the Plan but arises only if LINA was correct in denying benefits and is against AHC and not the Plan and therefore not duplicative. Dkt. 24 at 3. The Prices additionally argue that AHC, as the Plan Administrator, furnished a deficient SPD, which is only cognizable under § 502(a)(3). Dkt. 1 ¶¶ 43–44; Dkt. 24 at 18.

---

502(a)(1)(B) must be directed to a person or entity other than the plan itself."), *and Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013) ("In many cases the plan will be the right (and only proper) defendant when . . . seek[ing] benefits owed under the terms of the plan.").

### 1. Duplicative Claims

The U.S. Supreme Court has determined that § 502(a)(3) is a "'catchall' remedial section" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S. Ct. 1065 (1996). The Fifth Circuit interprets *Varity* as holding that "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available under 29 U.S.C. § 1132." *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), abrogated on other grounds by *CIGNA Corp.*, 563 U.S. at 436. A claimant "whose *injury* creates a cause of action under [§ 502(a)(1)(B)] may not proceed with a claim under [§ 502(a)(3)]"; by examining the underlying *injury*, one can determine whether a given claim is duplicative. *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 865 (5th Cir. 2018) (quoting *Innova*, 892 F.3d at 733). This requires courts to "focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Serv., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013). Therefore, a plausible claim for relief under § 502(a)(1)(B), even if the claim ultimately does not prevail, prevents asserting a viable claim for breach of fiduciary duty under § 502(a)(3). *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *see also Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (agreeing on review of a dismissal under Rule 12(b)(6) that plaintiff failed to state a claim under § 1132(a)(1)(B) but nevertheless holding that plaintiff could not maintain a breach of fiduciary-duty claim under § 1132(a)(3)).

While the Prices assert that the alleged breach of fiduciary duty by AHC entitles them to an "equitable surcharge" – a monetary remedy typically available under § 502(a)(3) – the essence of their complaint is the alleged wrongful denial of benefits pursuant to the terms of the Plan and Policy. This is true even if their claim is pled in the alternative, as the focus is on the substantive

*injury* alleged to have occurred. The injury alleged under § 502(a)(3) is indistinguishable from the Prices' § 502(a)(1)(b) claim against the Plan and is essentially a claim for benefits denied. In addition, though the Prices contend their § 502(a)(3) claim is not pled against the Plan, this is countered by the allegations pled in the complaint. The Prices clearly allege that the Plan is both at least partially responsible for the wrongful denial of benefits and for breach of fiduciary duty. Dkt. 1 ¶¶ 45, 51, 58, 60. Thus, the Prices have adequate redress pursuant to § 502(a)(1)(B), which provides a direct mechanism to address the injury for which they seek equitable relief. *See Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017). This subsequently forecloses the possibility of a § 502(a)(3) claim for breach of fiduciary duty regardless of whether the § 502(a)(1)(B) claim against LINA is ultimately successful. However, one potential exception to this prohibition relates to claims alleging a deficient SPD.

### 2. Deficient Summary Plan Description

Section 101(a) of ERISA requires a plan administrator to furnish a valid SPD to a beneficiary or participant in an ERISA-governed plan. *Singletary v. United Parcel Serv., Inc.*, 828 F.3d 342, 349 (5th Cir. 2016). As stated previously, § 502(a)(1)(B) authorizes the enforcement of only terms contained within an ERISA plan. *CIGNA*, 563 U.S. at 436. However, an SPD only provides information about a plan and does not constitute the "terms" of the plan within the meaning of § 502(a)(1)(B). *Id.* at 438. The Fifth Circuit interprets this to mean that alleged SPD deficiencies are "cognizable *only* under ERISA § 502(a)(3)" and not ERISA § 502(a)(1)(B). *Manuel*, 905 F.3d at 865–66.

The Prices and the ARES Defendants disagree about the relevance of the *Manuel* case in determining the ability of a plaintiff to bring a § 502(a)(3) claim alleging an invalid SPD simultaneously with a § 502(a)(1)(B) claim for recovery of benefits. Dkt. 24 at 14–16; Dkt. 29

at 5–6. The Prices contend that *Manuel*'s duplicity exception for SPD deficiencies subsequently allows all § 502(a)(3) claims to be levied against AHC because the claim against AHC does not assert an entitlement to benefits. Dkt. 24 at 14–16. The ARES Defendants argue that the Prices have not alleged that their injuries relate to a SPD deficiency nor can *Manuel* be read to allow broader simultaneous or alternative pleading. Dkt. 29 at 5.

In *Manuel*, an employee participated in a short term and long term disability benefits plan sponsored and administered by the employer and insured by Prudential Insurance Company of North America ("Prudential"). *Id.* at 862. The plan gave Prudential the authority to determine if benefits were payable to an employee and gave sole discretion to Prudential to interpret the terms of the plan. *Id.* at 862–63. The employee requested short term disability benefits, and Prudential granted the request. *Id.* at 863. After exhausting his short term disability benefits, the employee sought long term disability benefits and was denied. *Id.* Prudential determined that the employee was ineligible for the benefit under the terms of the plan and that the payment of short term disability was in error and demanded reimbursement. *Id.* The employee sued his employer and Prudential under ERISA §§ 502(a)(3) and 502(a)(1)(B) to enforce the terms of the benefit plan and alleging breach of fiduciary duties including a deficiency in the plan's SPD. *Id.* Prudential and the employer filed a motion for summary judgment arguing the §§ 502(a)(3) and 502(a)(1)(B) claims were duplicative, and the district court agreed. *Id.*

In reversing the relevant portion of the district court's judgment against the employer and affirming the judgment against Prudential, the Fifth Circuit noted that while the employee's alleged injuries were all remedial under § 502(a)(1)(B), the claim relating to the deficiency in the SPD cognizable only under § 502(a)(3). *Id.* at 866. The court explained that because the district court determined the claims to be duplicative as a threshold matter, it was too early to determine if the

12

employee could have been successful in his § 502(a)(3) claim. *Id.* Subsequently, the Fifth Circuit reversed the dismissal of the § 502(a)(3) claim against the employer. *Id.* As for Prudential, however, the court upheld the dismissal of the SPD deficiency claim, explaining "that a non-administrator has no duty to provide an SPD and is generally not liable for deficiencies." *Id.*

In the instant case, the court agrees with the ARES Defendants that in most cases a § 502(a)(1)(B) claim for benefits due under the terms of the plan generally forecloses the ability to bring a simultaneous claim for equitable relief under § 502(a)(3). However, as *Manuel* states, claims relating to alleged SPD deficiencies are cognizable *only* under § 502(a)(3) and are not duplicative of § 502(a)(1)(B) claims. It is also clear that the Prices have claimed there was a defeciency in the SPD allegedly prepared by AHC. Dkt. 1 ¶¶ 43–44. Although the dismissal of the claim regarding the deficient SPD in *Manuel* was ultimately upheld with respect to Prudential, it was solely because Prudential was not a plan administrator and did not have any duty to furnish a valid SPD.

With regards to the employer who was the plan's administrator, the dismissal was reversed despite Prudential having the ultimate authority to interpret the terms of the plan and control benefits administration. Here, AHC, as the Plan Administrator, maintained a duty to furnish a valid SPD pursuant to § 101(a) of ERISA just as the employer had in *Manuel*. This is true even with the delegation of authority granted to LINA. Dismissing this claim against AHC now would, as the *Manuel* court similarly noted, deprive the Prices of the opportunity to further establish the elements of a valid § 502(a)(3) claim relating to an SPD deficiency against AHC.

The defendant's motion to dismiss the Price's claim under § 502(a)(3) of ERISA against AHC is therefore DENIED with respect to only the allegedly deficient SPD.

## IV. Conclusion

The ARES defendants' motion to dismiss the Prices' claims under both §§ 502(a)(1)(B) and 502(a)(3) of ERISA (Dkt. 21) is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to the alleged wrongful denial of benefits claim against the Plan and breach of fiduciary duty claim against AHC. These claims are dismissed with PREJUDICE. It is otherwise DENIED.

The unopposed motion to file a reply (Dkt. 28) is GRANTED.

Signed at Houston, Texas on June 28, 2019.

_____
Gray H. Miller
Senior United States District Judge